## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| ANEMONE BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-CV-00160-MMH-MCR |
| | ) | |
| PNC FINANCIAL SERVICES GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR SANCTIONS WITH SUPPORTING MEMORANDUM OF LAW AND CERTIFICATE OF GOOD FAITH CONFERRAL

Pursuant to Federal Rules of Civil Procedure 16 and 37, Local Rule 9.05, and this Court's May 28, 2014 Scheduling and Mediation Order, Defendant, PNC Bank, National Association (incorrectly named in the Second Amended Complaint as "PNC Financial Services Group, Inc.") (hereinafter "Defendant" or "PNC") moves this Court for sanctions against Plaintiff Anemone Bennett ("Plaintiff") due to her failure to appear at the August 22, 2014 mandatory mediation in this matter, including: (1) striking Plaintiff's Second Amended Complaint and entering a default judgment against her; (2) compelling Plaintiff to reimburse Defendant within seven (7) days for its costs and attorneys' fees for time spent preparing for, traveling to, and attending the mediation; (3) compelling Plaintiff to reimburse Defendant within seven (7) days for its costs and attorneys' fees for time spent preparing and presenting this Motion for Sanctions; and (4) any further relief that this Court deems just and proper.

## INTRODUCTION

This Motion arises out of Plaintiff's unexcused failure to attend the Court ordered mandatory mediation scheduled for August 22, 2014 at the office of Constancy, Brooks & Smith

in Jacksonville, Florida pursuant to the Scheduling and Mediation Order entered by this Court on May 28, 2014, and the Court's July 18, 2014 Order extending the mediation deadline until August 22, 2014.  As outlined herein, Plaintiff's blatant disregard for the Court's Scheduling and Mediation Order by failing to attend the mediation warrants a finding of contempt.  This Court should also enter an Order sanctioning Plaintiff as follows: (a) striking Plaintiff's Second Amended Complaint; (b) finding Plaintiff in default; (c) requiring Plaintiff to reimburse Defendant for its costs and attorneys' fees for the time spent preparing for, traveling to, and attending the mediation; and (d) requiring Plaintiff to reimburse Defendant for its costs and attorneys' fees for preparing and presenting the instant motion.

## BACKGROUND

1.     On February 20, 2014, Plaintiff filed her Second Amended Complaint and asserted a single claim against Defendant for violation of the Fair Labor Standards Act, 29 U.S.C. §201, et seq., ("FLSA") for allegedly failing to compensate her for all hours worked. Dkt. No. 8.  Specifically, Plaintiff claims that Defendant violated the FLSA by deducting "lunch breaks" from her paid wages, which Plaintiff claims she never took.  *Id.*

2.     On May 15, 2014, the parties filed the Case Management Report, in which the parties agreed to mediation.  Dkt. No. 19.

3.     On May 28, 2014, this Court entered the Scheduling and Mediation Order referring this case to mediation.  Dkt. No. 20.

4.     On June 26, 2014, the parties filed the Notice of Mediation, giving notice that the parties agreed to mediate this matter on August 14, 2014.  Dkt. No. 21.

5.     After obtaining Plaintiff's consent, on July 17, 2014, Defendant filed a Motion To Extend The Mediation Deadline until August 22, 2014.  Dkt. No. 25.

6.      On July 18, 2014, the Court granted the Motion To Extend the Mediation Deadline.  Dkt. No. 26.  Thereafter, the parties filed an Amended Notice of Mediation, giving notice that the mediation would take place on August 22, 2014.  Dkt. No. 27.

7.      On August 20, 2014, Defendant's counsel flew from Boston, Massachusetts to Jacksonville, Florida for Plaintiff's deposition and the mandatory mediation of this matter.

8.      On two separate occasions during the afternoon on August 20, 2014, Defendant's co-counsel emailed Plaintiff's counsel seeking confirmation that Plaintiff intended to appear at her deposition and the mediation.  Plaintiff's counsel responded and confirmed that his client would appear at her deposition and the mediation.

9.      Despite her counsel's certification, on August 22, 2014, Plaintiff never appeared at the mediation conference.  Dkt. No. 31.  The agreed upon mediator, Terrence White, Esq., Defendant's counsel, and Plaintiff's counsel all attended the mediation conference; however, they were unable to proceed without Plaintiff.  Plaintiff's counsel tried to contact Plaintiff to determine why she was not present, but she was unable to reach her client.  To date, Plaintiff's counsel has not provided any explanation for Plaintiff's unexcused failure to appear at the mediation conference.

## ARGUMENT

It is well-established that Plaintiff's failure to appear at the mediation conference entitles Defendant to recover sanctions in this matter.  Indeed, the Local Rules state in pertinent part that:

> Unless otherwise excused by the presiding judge in writing, all parties . . . shall be present at the Mediation Conference with full authority to negotiate a settlement. Failure to comply with the attendance or settlement authority requirements may subject a party to sanctions by the Court.

Local Rule 9.05(c).  Further, sanctions are available pursuant to Rule 16 of the Federal Rules of Civil Procedure, which states in pertinent part that "the court may issue any just orders, including

those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to obey a scheduling or other

pretrial order."   Fed. R. Civ. P. 16(f)(1).   Available sanctions under Rule 37 include the

following:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii).   "Once the moving party makes a prima facie showing that

the other party violated the court's discovery order, the non-moving party must prove that it was

impossible to comply in order to avoid sanctions." *Marcelle v. Am. Nat. Delivery, Inc.*, 2010 WL

1655531, at *2 (M.D. Fla. Jan. 12, 2010) (citing *In re Chase & Sanborn Corp. et al,* 872 F.2d

397 (11th Cir. 1989)).

Here, Plaintiff has not shown good cause as to why she failed to appear at the mediation.

Accordingly, her Second Amended Complaint should be stricken and dismissed for violating this

Court's Scheduling and Mediation Order by failing to appear at the mandatory mediation.  *See*

*Bouchot v. Green Simmons, Inc.*, 2010 WL 3746174, at *1 (N.D. Fla. Sept. 20, 2010) (finding

that sanctions in the form of dismissal of plaintiffs' claims was appropriate in part for "their

failure to attend court-ordered mediation"); *Coley v. Resort Mgmt. Servs., Inc.*, 2008 WL

341428, at *1-2 (M.D. Fla. Feb. 5, 2008) (explaining that dismissal is appropriate where a party

fails to appear at court-ordered mediation and fails to show cause why sanctions should not be imposed).

In addition, Rule 16 provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 16(f)(2).  Plaintiff's actions in failing to appear at the Court-mandated mediation are not justified and no circumstances exist that make an award unjust.  Plaintiff let Defendant and its counsel incur the time and expense of preparing for, traveling to, and attending the mediation, only for her not to appear.

Accordingly, Defendant respectfully requests that this Court find that monetary sanctions are appropriate.   In a good-faith effort to mediate this matter, Defendant and its counsel expanded a substantial amount of time and money in preparing for, traveling to, and attending the mediation.  Therefore, Defendant requests that this Court order Plaintiff to pay the entire cost of mediation, the cost of Defendant preparing for and attending the mediation (travel expenses and attorneys' fees), and the cost of preparing this Motion for Sanctions.[1]  *See Unum Life Ins. Co. of Am. v. Pawloski*, 2014 WL 3887513, at *1-3 (M.D. Fla. Aug. 7, 2014) (awarding sanctions in the form of attorneys' fees and costs due to party's failure to appear at mediation); *McCalla v. Avmed, Inc.*, 800 F. Supp. 2d 1194 (S.D. Fla. 2011) (awarding monetary sanctions due to party's failure to comply with court's order and local rules regarding attendance at mediation).

---

[1] If the Court grants this Motion, Defendant will submit a fee report identifying its costs and fees.

## <u>CERTIFICATE OF GOOD FAITH CONFERRAL</u>

Pursuant to Local Rule 3.01(g), to date, counsel for Plaintiff has not provided any reason as to why Plaintiff did not appear at the mediation as required.  In a last attempt to resolve the issues raised in this Motion, counsel for Defendant called counsel for Plaintiff on September 3, 2014 in a good faith attempt to resolve the issues raised by this Motion.  Counsel for Plaintiff has not responded to indicate whether Plaintiff agrees to the request sought herein.

## <u>CONCLUSION</u>

WHEREFORE, Defendant asks that this Court enter an Order:

(1)     holding Plaintiff in contempt for failing to attend the Court ordered mediation in violation of the Scheduling and Mediation Order;

(2)     striking Plaintiff's Second Amended Complaint and finding her to be in default;

(3)     compelling Plaintiff to reimburse Defendant for its costs and attorneys' fees for time spent preparing for, traveling to, and attending the mediation;

(4)     compelling Plaintiff to reimburse Defendant for its costs and attorneys' fees for preparing and presenting this Motion for Sanctions;

(5)     requiring Plaintiff to submit the required reimbursements within seven (7) days of an entry of its Order; and

(6)     any further relief that this Court deems just and proper.


DATE:  September  4, 2014                    Respectfully submitted,



                                             **DEFENDANT,
                                             PNC BANK, NATIONAL ASSOCIATION**

                                             <u>s/ Cherie L. Silberman</u>
                                             Cherie L. Silberman, Esq.

|  | CONSTANGY, BROOKS & SMITH, LLP |
|---|---|
|  | 100 North Tampa Street, Suite 3350 |
|  | Tampa, FL 33602-5832 |
|  | Telephone: (813) 223-7166 |
|  | Fax: (813) 579-4671 |
| **DATED:**  September 4, 2014 | E-Mail: csilberman@constangy.com |
|  |  |
|  | Deborah Ecker, Esq. (admitted PHV) |
|  | Jonathan R. Shank, Esq. (admitted PHV) |
|  | Edwards Wildman Palmer, LLP |
|  | 111 Huntington Ave |
|  | Boston, MA 02199-7613 |
|  | Telephone: (617) 239-0100 |
|  | Facsimile: (617) 227-4420 |

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 4, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael L. Grossman, Esq., Fla. Bar No. 0083536
Heather M. Meglino, Esq.
Cohen, Battisti Attorneys at Law
1211 Orange Avenue, Suite 200
Winter Park, FL 32789
Tel. 407.478.4878
Fax: 407.478.0204
plegrossman@cohenBattisti.com

s/      Cherie L. Silberman
            Cherie L. Silberman