UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANEMONE BENNETT,

Plaintiff,

CASE: 3:14-CV-00160-MMH-MCR

v.

PNC Financial Services Group, Inc.,

Defendant.
_____/

## PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO MOTION TO COMPEL AND MOTION FOR SANCTIONS AS DIRECTED BY THIS COURT'S SEPTEMBER 24, 2014 ORDER [DOC. 34].

Plaintiff, by its undersigned attorneys, respectfully moves the Court, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, for an order granting an enlargement of time in which to file its response the Defendant's Motion to Compel and Motion for Sanctions as directed by this Court's September 24, 2014 Order [Doc. 34].

1. On June 26, 2014, the parties filed a Notice of Mediation, giving notice that the parties agreed to mediate this matter on August 14, 2014.

2. On July 17, 2014, Defendant filed a Motion to Extend the Mediation deadline until August 22, 2014.

3. On July 18, 2014, the Court granted the Motion to Extend the Mediation Deadline. Thereafter, the parties filed an Amended Notice of Mediation, giving notice that the mediation would take place on August 22, 2014 [Doc. 27].

4. On August 21, 2014, the Plaintiff's deposition was taken. The deposition lasted for approximately five and half hours.

5. Multiple times throughout the deposition, it was stated on the record that Plaintiff was currently suffering from anxiety. Further, defense counsel was requested multiple times to lower her voice as she was treating the Plaintiff with extreme hostility.

6. On August 22, 2014, Plaintiff was unable to appear for mediation due to suffering from severe anxiety.

7. On the day of her scheduled mediation, Plaintiff was seen at Gulani Family Care, by Dr. Suparna Gulani for severe anxiety that she had been experiencing since the prior day (i.e. Plaintiff's deposition). Due to her overwhelming levels of anxiety, Plaintiff was unable to attend the scheduled deposition.

8. Federal Rule 6(b)(1)(B) "requires a showing of 'excusable neglect' for an extension of a passed deadline." *Auto-Owners Ins. Co. v. Ace Elec. Serv., Inc.*, 648 F. Supp. 2d 1371, 1375 (M.D. Fla. 2009) (citation omitted); see also *Seyboth v. Gen. Motors Corp.*, 2008 U.S. Dist. LEXIS 37736, 2008 WL 1994912, at 1 (M.D. Fla. May 8, 2008).

9. Under Fed. R. Civ. P. 60(b)(6), the existence of excusable neglect depends on a factor analysis, including the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Blake v. Enhanced Recovery Co.,* 2011 U.S. Dist. LEXIS 91923, 2011 WL 3625594 (M.D. Fla. Aug. 17, 2011).

10. However, "the absence of prejudice to the nonmoving party" and "the interest of efficient judicial administration" are to be accorded "primary importance." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996).

11. In this case, Plaintiff is requesting a very brief extension to obtain additional medical-related documents and deposition transcripts in support of her response. These supporting documents not only required specific authorization, but there were associated costs with obtaining said documents beyond the Plaintiff's control. Therefore, Plaintiff requests a brief extension of time to file a response to the Defendant's Motion to Compel and Motion for Sanctions in the case.

12. Upon consideration of the excusable neglect factors, this Court should find the factors weigh in favor of finding excusable neglect exists in this case.

13. As a result, Plaintiff requests an additional seven (7) days to file a responsive with supportive documentation.

14. This motion is being made in good faith and is not being set forth for the purpose of delay. No prejudice would result to any party if an extension was granted.

WHEREFORE, Plaintiff, Anemone Bennett, requests the Court to grant the instant Motion for Extension of Time and for such other and further relief that the court deems just and proper.

Respectfully submitted,

_/s/Heather Meglino_
Heather Meglino, Esquire
Cohen Battisti, Attorneys at Law
Attorney for Plaintiff
1211 Orange Avenue, Suite 200
Winter Park, Florida 32789
Phone: (407) 478-4878
Fax: (407) 478-0204
Florida Bar Number 091857

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the Court via CM/ECF system this the 2nd day of October, 2014, which will send notice of electronic filing to all counsel of record.

/s/Heather Meglino
Heather Meglino, Esquire
Cohen Battisti, Attorneys at Law
Attorney for Plaintiff
1211 Orange Avenue, Suite 200
Winter Park, Florida 32789
Phone: (407) 478-4878
Fax: (407) 478-0204
Florida Bar Number 091857