UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANEMONE BENNETT,

    Plaintiff,

v.                                                  Case No:  3:14-cv-160-J-34MCR

PNC FINANCIAL SERVICES
GROUP, INC.,

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendant's Motion for Sanctions ("Motion") (Doc. 33) filed September 4, 2014.  The Motion requests the Court impose sanctions against Plaintiff for failure to appear at the Court ordered mediation conference scheduled for August 22, 2014.  (*Id.*)  Specifically, Defendant requests the court (1) hold Plaintiff in contempt for failure to attend the Court ordered mediation, (2) strike Plaintiff's Second Amended Complaint and find her to be in default, (3) compel Plaintiff to reimburse Defendant for its costs and attorney's fees for time spent preparing for, travelling to, and attending the mediation, (4) compel Plaintiff to reimburse Defendant for its costs and attorney's fees for preparing and presenting this motion for sanctions, (5) require Plaintiff to submit the required reimbursements within seven days of the entry of this Order, and (6) any further relief the Court deems just and proper.  (Id. at 33.)  Plaintiff's

1

response to Defendant's motion was due September 22, 2014. When Plaintiff failed to enter a response, the Court entered an Order (Doc. 34) directing Plaintiff to respond no later than October 1, 2014, or the Motion would be treated as unopposed. Plaintiff failed to respond to the Motion within the time allowed.[1] Accordingly, the Court will treat Defendant's motion as unopposed.

## I.  Background

Plaintiff filed her Complaint (Doc. 1) in the instant case on February 20, 2014 alleging violations of the Florida Minimum Wage Act. On May 28, 2014, the Court entered a Case Management and Scheduling Order and Referral to Mediation (Doc. 20). On June 26, 2014, the parties filed a Notice of Mediation (Doc. 21) stating the parties agreed to attend a mediation conference on August 14, 2014. On August 20, 2014, the Court granted Defendant's Motion to extend the mediation deadline, and the conference was rescheduled for August 22, 2014. (Docs. 26 & 27.) Defendant states that on August 20, 2014, Defendant's counsel flew from Boston, Massachusetts to Jacksonville, Florida to attend Plaintiff's deposition and mediation conference. (Doc. 33 at 3.) Defendant further states it sent two e-mail messages on that day seeking confirmation from Plaintiff's counsel that Plaintiff would attend the deposition and mediation conference. (*Id.*) On August 22, 2014, Plaintiff failed to appear at the mediation conference. (Doc. 31.) Defendant alleges Plaintiff's counsel was unable to

---

[1] The Court denied Plaintiff's Motion for Enlargement of Time filed October 2, 2014. (Doc. 38.)

contact Plaintiff, and the conference was unable to proceed without her presence.  (Doc. 33 at 3.)

## II.   Analysis

The Federal Rules of Civil Procedure allow the Court discretion to impose sanctions for failure to comply with a scheduling or pretrial order.  Fed. R. Civ. P. 16(f).  Specifically, the Court may (1) prohibit the party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (2) strike pleadings in whole or in part; (3) stay further proceedings until the order is obeyed; (4) dismiss the action or proceeding in whole or in part; (5) render a default judgment against the disobedient party; or (6) treat as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.  *Id.* (citing Fed. R. Civ. P. 37(b)(2)(A)(ii-vii)).  "Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 16(f)(2).

In this case, Plaintiff failed to attend the Court Ordered Mediation scheduled for August 22, 2014.  (Doc. 31.)  The Local Rules of the Middle District of Florida require all parties to be present at a mediation conference, with full authority to negotiate a settlement.  M.D. Fla. R. 9.05(c).  As Plaintiff failed to

timely respond to Defendant's Motion, Plaintiff has not demonstrated her failure to appear was substantially justified. Where a party fails to attend court ordered mediation, it is appropriate to require the party to pay the reasonable costs of mediation, the other party's reasonable costs of attendance, and the reasonable costs incurred in preparing a motion for sanctions. See *Walter v. 02HR, LLC*, 8:07-CV-1129 T24TGW, 2008 WL 2359915 (M.D. Fla. June 5, 2008); *Falcon Farms, Inc. v. R.D.P. Floral, Inc.*, 07-23077-CIV, 2008 WL 3874598 (S.D. Fla. Aug. 14, 2008); *King v. Eli Lily & Co.*, 3:05-CV-1235-J-33HTS, 2007 WL 1141512 (M.D. Fla. Apr. 16, 2007). Because the Court is without indication of the amount of such costs incurred by Defendant, the Court will direct Defendant to prepare an affidavit reflecting the amount of the foregoing expenses. Upon entry of Defendant's affidavit, Plaintiff will have fourteen days in which to respond to Defendant's affidavit regarding expenses. Additionally, the Court will direct the parties to confer and submit a date on which to hold a substitute mediation conference. As there is no evidence Plaintiff's counsel advised Plaintiff not to attend the mediation, the Court will sanction Plaintiff only and not her counsel.

The Court finds that more severe sanctions are not warranted at this time. Defendant requests the Court strike Plaintiff's Second Amended Complaint and find her to be in default. (Doc. 33 at 4-5.) Defendant has also entered a Motion to Dismiss for Failure to Prosecute. (Doc. 37.) However, "the severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less

4

drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993).  Moreover, the sanctions of dismissal or default are warranted only on a clear record of delay or willful contempt.  *Mingo v. Sugar Cane Growers Co-op. of Florida*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).  The Court is aware of the claims in Defendant's Motion to Compel (Doc. 32) that Plaintiff and Plaintiff's counsel have failed to timely comply with certain discovery deadlines.  However, there does not appear to be a "clear record of delay or willful contempt" on Plaintiff's part.  Therefore, the Court will deny Defendant's Motion to Dismiss for Failure to Prosecute (Doc. 37).  Further, because there is sufficient time for completing discovery, an award of expenses to Defendant appears to be an adequate sanction at this time.  However, Plaintiff is hereby cautioned that the Court may consider imposing further sanctions in the future on its own or on motion.  Fed. R. Civ. P. 16(f).

Accordingly, it is **ORDERED**:

1. Defendant's Motion for Sanctions (Doc. 33) is **GRANTED in part** and **DENIED in part**.

    a. Defendant's Motion is granted to the extent that Plaintiff will be directed to pay the reasonable costs of the mediation conference, including Defendants' reasonable costs of attendance and fees associated with preparing its Motion for Sanctions.  Defendant is directed to submit an affidavit of its

expenses **no later than October 31, 2014**.  Upon entry of Defendant's Affidavit, Plaintiff will have **FOURTEEN (14)** days in which to respond to the affidavit.

        b.     Defendant's Motion (Doc. 33) is **DENIED** in all other respects.

    2.     Defendant's Motion to Dismiss for Failure to Prosecute (Doc. 37) is **DENIED**.

    3.     **No later than October 31, 2014**, the parties shall file a notice indicating the date on which a substitute mediation conference will be held and the mediator the parties have selected.  The parties shall attend a mediation conference **no later than January 9, 2015**.

**DONE AND ORDERED** in Jacksonville, Florida on October  17th , 2014.

*[signature]*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record